UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No.   4:16-cr-19-SEB-VTW |
| ) | |
| MATTHEW BOLIN ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

On August 3, 2018, the Court held a hearing on the Petition for Warrant or Summons for Offender Under Supervision filed on February 1, 2017 (Docket No. 10) and the Supplemental Petition for Warrant or Summons for Offender Under Supervision filed on May 9, 2017 (Docket No. 14). Defendant, Matthew Bolin, appeared in person with his appointed counsel Jonathan Hodge. The government appeared by Lauren Wheatley, Assistant United States Attorney, via telephone. U. S. Probation appeared by Officer Ross Carothers.

The Court conducted the following procedures in accordance with Fed. R. Crim. P. 32.1(a)(1) and 18 U.S.C. § 3583:

1. The Court advised Mr. Bolin of his rights and provided him with a copy of the petitions.

2. Mr. Bolin waived his right to a preliminary hearing.

3. The parties advised the Court they had reached an agreement to resolve the allegations in the Petitions.

4. After being placed under oath, Mr. Bolin admitted Violations 1 through 5 (Docket Nos. 10,14.)

5. The allegations to which Defendant admitted, as fully set forth in the petitions, are:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **"The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or paraphernalia related to any controlled substance, except as prescribed by a physician."**<br><br>On November 28 and 29; and December 7, 15, and 27, 2016, the offender tested positive for marijuana. When questioned on December 16, 2016, he admitted smoking marijuana on November 24, 2016. |
| 2 | **"The defendant shall notify the probation officer ten days prior to any change in residence or employment."**<br><br>On January 31, 2017, the probation officer met with the offender's wife at the residence he reported residing in an effort to meet with the offender. She advised the offender has never resided with her. She stated that since his release in October 2016, the most he ever resided there was approximately "one time per week." She was unaware as to where he has been staying, as she has had no contact with the offender in over two weeks. The offender's whereabouts are currently unknown. |
| 3 | **"The defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer."**<br><br>On January 9, 2017, the probation officer spoke with the offender by phone and instructed him to report to the drug treatment counselor for drug testing then report to the probation office. The offender advised he understood the instructions, but failed to report to either location.<br><br>On January 10, 2017, the probation officer left the offender a message to call immediately. To date, he has not called. |

> On January 19, 2017, the probation officer left a voice message, sent a text message, and sent an email message instructing the offender to report on January 20, 2017. The offender failed to report.

**4**   **"The defendant shall participate in a program approved by the U.S. Probation Office for treatment of narcotic addiction or drug or alcohol dependency, which will include testing for the detection of substance use or abuse. The defendant shall contribute to the Probation Office's cost of services rendered based upon his/her ability to pay as reflected in his/her monthly cash flow as it relates to the court-approved sliding fee scale."**

> The offender failed to report for drug treatment on November 28, 2016. He failed to report for drug testing on January 4 and 9, 2017. In light of his failures to report and communicate with the treatment and testing provider, treatment services were terminated.

**5**   **"The defendant shall not commit another federal, state or local crime."**

> The offender was charged with Robbery in the First Degree (felony), in Caldwell County, Kentucky, under docket number 17-F-00075. Court documents allege the offender entered the victim's home on April 6, 2017, pointed a handgun at the victim's head, and threatened to kill him. The victim was tied up with an extension cord and had a towel stuffed in his mouth. The offender allegedly stole the victim's vehicle and was later arrested.

6. The parties stipulated that:

    (a)   The highest grade of violation is a Grade C violation.

    (b)   Defendant's criminal history category is IV.

    (c)   The range of imprisonment applicable upon revocation of supervised release, therefore, is 6 to 12 months' imprisonment.

7. The parties jointly recommended Mr. Bolin be sentenced to 12 months and one day imprisonment, consecutive to an sentence imposed in Kentucky, with no term of supervised release to follow.

The Magistrate Judge, having considered the factors in 18 U.S.C. § 3553(a), and as more fully set forth on the record, finds that the Defendant VIOLATED the conditions in the Petitions,

that his supervised release should be REVOKED, and that he should be sentenced to the custody of the Attorney General or his designee for a period of 12 months and one day, consecutive to any sentence imposed in Kentucky, with no term of supervised release to follow.   The defendant is to be taken into custody immediately.   The Court will make a recommendation of placement at Manchester, Kentucky.

    The parties are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge.  The parties waived the fourteen-day period to object to the Report and Recommendation.

    Dated:  8/7/2018

_____
VAN WILLIS
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system

United States Probation
United States Marshal